GAGOS v. INDUSTRIAL COMMISSION
OF UTAH et al.

No. 5554.  Decided December 28, 1934.  (39 P. [2d] 697.)

FOR OPINION ON REHEARING, see 87 U. 101, 48 P. (2d) 449.

*Thorit Hatch* of Helper, for plaintiff.

*Joseph Chez,* Atty. Gen., and *H. J. Binch,* of Salt Lake City, for defendants.

MOFFAT, Justice.

This case comes from the Industrial Commission of Utah upon an application for a writ of review, arising under the Workmen's Compensation Act (Comp. Laws 1917, § 3061 et seq., as amended). George Gagos was an employee of the Utah Fuel Company, working at Castle Gate, Utah.

Applicant, George Gagos, claims that he was injured by accident arising out of or in the course of his employment by a strain resulting in the development of a right inguinal hernia.

The defendant Utah Fuel Company, a selfinsurer, claims the hernia was not the result of an accidental injury.

The Commission found that on the 7th day of March, and again on the 14th day of March, 1933, applicant was employed as a miner at the Castle Gate Mine No. 3, by the defendant Utah Fuel Company, an employer subject to the State Industrial Act. The Commission further found the length of time applicant had been employed and that his average daily wage was $4.13, and that he did not work between the 7th and 14th days of March, 1933, because the mine did not operate during the interval.

After reciting in the findings the claims made by applicant, the visit to the company on the evening of March 14, 1933, the sending of applicant to St. Marks Hospital for treatment and correction of a right inquinal hernia, as a nonindustrial case, his course of recovery, etc., the Commission concluded that:

"Applicant did not receive an injury by accident at the time and place alleged, resulting in the disability complained of, * * * and that the applicant had failed to establish that the disability from which he now suffers was the result of an accidental injury received in the course of or arising out of his employment * * * and that the applicant's claim should be denied."

The fact of employment is stipulated. The company reported the daily wage to be $4.13 a day.

George Gagos, the applicant, testified that he was working on the 7th and 8th of March, 1933. That he received an injury on one of those dates. That he had a mule that he was driving and worked at loading coal into a car at the mine. That the place he had to back the car up to the coal was steep. That he tried to back the car up with the mule. That in order to push the car up the steep place he put his back to the car, held onto the mule; that the mule helped a

little; and that while he was pushing the car he had a pain and then blocked the car, and then tried to load it. That he had pain on the right side. That at night when he came out of the mine he saw something come out down on the right side about the size of a chestnut. That he also felt sick. That he had never had any trouble like that before. That he had been examined by the company doctor before he went to work for the company in November preceding, that the examination included an examination for hernia, and that he had been passed by the doctor. That he told his partner who worked in the next room at the time and also the next day that he got hurt pushing the car and had to go to the doctor. That he did not remember exactly, but he thought he reported it to the company on the 7th or 8th of March. It was the day he worked. He did not see the foreman but went to the doctor right away. That the doctor told him he was ruptured and sent him to St. Marks Hospital.

It is then disclosed that applicant was operated on for inguinal hernia on the right side. That he was at the hospital 15 or 16 days. That he got out of the hospital on the 2nd of April. That after two months the doctor told applicant he could go back to work.

The foregoing is a statement of the uncontradicted evidence of the applicant, and is the only evidence in the record relating to the accident and injury at the mine. There is other evidence relating to subsequent events, conditions, employment, and an alleged recurrent hernia not necessary to be discussed.

Counsel for defendant in his brief argues there is a conflict in the evidence as to the date upon which the alleged injury occurred. This, aside from whether or not certain hernia injuries are compensable, are the only points raised on the part of defendants, while applicant contends that the Commission arbitrarily disregarded uncontradicted evidence, and that the evidence was such as requires the Commission to allow compensation.

As to the contradictory evidence it appears the matter relates solely to dates.

Applicant testified that he received the injury on the 7th or 8th of March, 1933; that he did not keep on working until the 14th; that he quit on the 8th and did not go back.

Dr. Long, the company physician, testified his record showed that the applicant came in for treatment on March 14th and that he felt a pinching in his right groin while he was pushing a car on March 7th. The company record also shows that applicant worked on March 6th, 7th, and 14th, that the mine did not operate after the 7th until the 14th of March, 1933. That he began to work on December 19, 1932, and had worked 39 days; work not being continuous because of nonoperation of the mine.

Nowhere in the Industrial Compensation Act of Utah is there found specific reference to hernia. Certain rules relating thereto have been promulgated by the Commission, which have been heretofore commented upon by this court, *McEwan* v. *Industrial Commission*, 61 Utah 585, 217 P. 690, 692, as follows:

"These rules of the Commission * * * are in harmony with several cases recently decided by this court. It has become an established doctrine in this jurisdiction, as well as in most jurisdictions of the country, that an accidental injury which aggravates an existing disease is compensable."

Whether by rule or by law with some variations as to strictness, the elements of proof required to be made may be summarized briefly. To bring compensable hernia within the rules or the law it must generally be shown; (1) That there was an injury resulting in hernia; (2) that the hernia appeared suddenly; (3) that it was accompanied by pain; (4) that the hernia aggravated the existing disease or immediately followed the accident; and (5) that it did not exist prior to the accident, or if it did the accident aggravated the existing disease.

Tested by these requirements, does the uncontradicted evi-

dence meet each and all of these requirements, and is that proof substantial and competent?

It is the settled law in this jurisdiction that:

"This court may not disturb the findings of fact made by the commission unless it appears that the commission has applied an illegal standard, or has found a fact without evidence to support it, or has made a finding against uncontradicted credible evidence. On an application to this court the question of whether there is any evidence to support a finding of the commission, or whether there is any justifiable reason for making a finding against uncontradicted credible evidence, is one of law." *Harness* v. *Industrial Commission,* 81 Utah 276, 17 P. (2d) 277, 279, citing *Kavalinakis* v. *Industrial Commission,* 67 Utah 174, 246 P. 698.

The evidence may as a matter of law require an affirmative finding or the evidence may require a negative finding. When compensation is denied, the finding is generally one of negation on the ground either of no evidence to justify any affirmative finding, or upon the ground of insufficient competent evidence to justify an award. Upon the former proposition it is not a question of preponderance of evidence, as there is nothing to preponderate, or be weighed; while upon the latter there is evidence to be weighed or balanced, and when such is the case it is not a part of the duty of this court to interfere with the conclusion reached by the Commission. But, on the other hand, when there is nothing in the record to weigh or balance against uncontradicted material, substantial, competent evidence, it likewise becomes a question of law that a finding must accord with such uncontradicted material, substantial, competent evidence. If such evidence demands an affirmative finding, such finding must be made; if a negative finding, then a negative finding must be made.

In the case of *Harness* v. *Industrial Commission,* supra, the question was one of dependency. In commenting upon the evidence the court said: "The testimony of the witnesses is remarkably free from conflict and has all of the characteristics of being truthful," and reversed the order denying compensation.

The case of *Peterson* v. *Industrial Commission*, 83 U. 94, 27 P. (2d) 31, 33, was one in which an employee's death resulted from hernia arising out of and in the course of employment. The evidence disclosed that at the time of the injury the employee was engaged in moving a glass-lined metal tank which was placed upon rollers and by means of pinch bars was moved forward. The bars at times would slip and cause wrench or strain to the workmen. The evidence further showed that the deceased upon leaving the work arose slowly, that his face appeared discolored, that he failed to eat his lunch, that shortly thereafter he was found in a condition of apparent distress, that hernia rapidly developed, and medical testimony showed that the hernia was of recent origin.

In reversing the order denying compensation the court said:

"The only reasonable or permissible inference from the evidence in this record is that the hernia was caused by strain or overexertion by the deceased while in the performance of his work moving the milk tank. Undoubtedly the applicant sustained the burden of proof. There is not anything in the record which would support a finding that the hernia was caused otherwise than by accident arising out of and in the course of employment."

In the light of the decided cases and the evidence, we are of the opinion the submitted evidence meets all of the requirements. The evidence is competent, substantial, and uncontradicted. It shows a hernia in-injury resulting from accidental strain, which hernia appeared suddenly and was accompanied by pain following the accident and that no hernia existed before the accident.

It is true that the evidence is uncorroborated except as the circumstances tend to corroborate the applicant. There is corroboration, however, as to certain elements involved. That no hernia existed shortly before the accident is corroborated by the physician's examination, and that there was an existing hernia at the time he visited the physician is admitted. The only uncorroborated evidence is that relating to the actual occurrence of the strain that

brought on the hernial extrusion. The fact that the applicant could not fix the day or that he may have fixed the wrong day or been confused or unable to remember the date of the injury does not raise a conflict in the evidence. It is certain the injury exists. The date upon which the injury occurred is not material in the instant case. There may be, and frequently are, cases in which the date or even the precise time may be material. The case of *Aetna Life Ins. Co.* v. *Industrial Commission,* 64 Utah 415, 231 P. 442, is illustrative of such a situation. That case was a hernia case. It was admitted that the employee was entitled to compensation, but each of two insurance companies claimed the other was liable for payment. The time when the contract of one company expired and when the liability of the succeeding insurer took the place was the determining element as to who was liable. It did not matter whether the injury occurred on one day or another as to the right to compensation; but it was very material whether the injured employee was working on the day of the change of insurance carrier, and was further material and important to fix the exact time as to who should be liable for the payment of compensation.

There being substantial competent, uncontradicted evidence in the record to support a finding that the hernia was caused by strain while pushing a car in the mine, and there being no other evidence in the record or that the injury was caused other than by that accident, and nothing from which by inference another cause could be inferred, the decision of the Commission is set aside, and the cause remanded for further proceedings. Costs to plaintiff.

STRAUP, C. J., and EPHRAIM HANSON, J., concur.

ELIAS HANSEN, Justice (dissenting).

The sole question presented on this review is: Was the evidence offered and received before the Industrial Commission such that it was bound, as a matter of law, to believe that the applicant received the injury complained of in

the course of his employment by the Utah Fuel Company? In my opinion the question should be answered in the negative. The law applicable to the legal effect of uncontradicted evidence is thus stated in 23 C. J. § 1791, p. 47:

"Uncontradicted evidence should ordinarily be taken as true, and cannot be wholly discredited or disregarded if not opposed to probabilities or arbitrarily rejected, even though the witnesses are parties or interested; and where the evidence tends to establish a fact which it is within the power and to the interest of the opposing party to disprove, if false, his failure to attempt to disprove it strengthens the probative force of the evidence tending to prove it. Uncontradicted evidence is not, however, necessarily binding on the court or a jury but may be disbelieved where it is contrary to natural or physical laws, opposed to common knowledge, inherently improbable, inconsistent with circumstances in evidence, or somewhat contradictory in itself, especially where the witness is a party or interested, or where in the very nature of things, it is impossible to secure opposing testimony."

Numerous cases which support the text are collected in footnotes. Tested by the rule announced in the foregoing text, the Industrial Commission was not bound by the uncontradicted evidence of the applicant. He has a direct interest in this cause. His testimony is not wholly uncontradicted and is somewhat at a variance, according to the testimony of the doctor who first attended him, with what he reported soon after the accident occurred. Moreover, it would seem impossible for the defendant company to secure opposing testimony. At the hearing before the Commission applicant testified that he received the injury in question on the 7th or 8th of March, 1933; that he went to the doctor the same day that he was injured; that because of the injury he was disabled from going back to work; that he did not work after he was injured. Dr. E. V. Long testified that the applicant came to his office on March 14, 1933, and stated that he had been injured on March 8, 1933. Applicant worked for the defendant company on March 14, 1933. The mere fact that the applicant might have been mistaken as to the exact date when he claims he was injured is of but little, if any, significance. If, however, it be a fact that the

applicant worked after he claims he was unable to work on account of his claimed injury, such fact would tend materially to discredit his entire testimony. A finding that the applicant received his injury while working in the mine would rest solely upon his testimony. No one was with him at the time he claims he was injured. It was such an injury as he might well have received elsewhere. Under such circumstances it was impossible for the Fuel Company to secure opposing evidence. It would, in my opinion, be a dangerous precedent for this court to hold, upon the record before us, that the Industrial Commission was bound, as a matter of law, to find that the applicant received the injury in question while working in defendant company's mine.

The order denying compensation should be affirmed.

FOLLAND, Justice (dissenting).

I concur in the views expressed by Mr. Justice ELIAS HANSEN.