# NICHOL v. WALL, et al.

No. 7881. Decided February 4, 1953. (253 P. 2d 355.).

**590**

See 8 C. J. S., Bailments, sec. 52. Discrediting witness on grounds of bias or hostile feelings. 58 Am. Jur., Witnesses, sec. 706; 16 A. L. R. 984.

*John H. Snow*, Salt Lake City, *Skeen, Thurman, Worsley & Snow*, Salt Lake City, for appellant.

*Critchlow, Watson & Warnock*, Salt Lake City, for respondent.

PER CURIAM.

D. 'W. Nichol, plaintiff and later respondent, sued Henning Wall, defendant and later appellant, for labor and materials furnished him in the construction of his house. Wall claimed certain offsets against the amount sought. As one such item Wall claimed the sum of $680 as the reasonable rental value of a certain chain saw rented by Wall to Nichol. The rental agreement was oral. There was no express agreement as to the amount to be paid to Wall by Nichol for the use of the machine. Respondent had the saw for 39 days but he testified that he only used it on weekends to cut timber. The cost of the saw new was $659. Appellant testified that

"The fellows I worked with cutting timber up there [in the mountains] charged $20.00 a day when they swapped saws between them, * * *."

On voir dire appellant testified that he had rented his saw once to his brother for one day for $20. Appellant allowed five days off the 39 days the saw was retained and billed the respondent for $680 or $21.00 more than the saw cost when new. The court found that the reasonable rental value of the saw for the period in question was $100. Appellant claims the finding as error on the following basis: (1) The finding has no support in the evidence. (2) The finding disregards uncontroverted evidence.

Considering the last proposition first: A finder of the fact is not necessarily bound to accept as conclusive the testimony of a witness. His credibility may be impeached by self interest or improbability so that it would be entirely within the realm of reason to discount or ■■ to entirely discredit it. See *The American Scale Mfg. Co.* v. *Zee*, 120 Utah 402, 235 P. 2d 361; *Jensen* v. *Logan City*, 96 Utah 522, 88 P. 2d 459. The fact that the plaintiff and defendant, former friends, had had a "falling out" and extreme animus apparently existed was sufficient basis for the trial court to refuse to give full credit to defendant's testimony as to the rental charges for his saw.

If there is competent evidence in the record to support the court's findings, the judgment should not be disturbed. *Buckley* v. *Cox*, 122 Utah 151, 247 P. 2d 277; *Beagley* v. *U. S. Gypsum Co.*, 120 Utah 487, 235 P. 2d 783. But as above noted, the trial judge was not obliged to ■■ accept the testimony of defendant that the reasonable rental value of his saw was $20 per day. He could have adopted a lower, reasonable figure not exceeding that amount. Moreover, even if he had believed that the reasonable rental value of the saw was $20 per day, that being the only evidence in the record concerning the matter, in view of the entire circumstances shown and the loaning of the saw without any definite prior understanding as to the rental charge, would justify the trial court in concluding that there was no intention that rental be paid on the saw except for the time it was actually used. The saw was used on two weekends. "Weekend" being an elastic term, the judge could have reasonably considered that two weekends would at the outside encompass no more than five days, which at $20 per day would have equaled $100. The defendant has not sustained the burden which rests upon him on appeal to show that the trial court was in error.

Judgment affirmed. Costs to respondent.