452 P.2d 323

**Lonnie E. STRONG, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 11150.**

Supreme Court of Utah.

March 26, 1969.

Lonnie E. Strong, pro se.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, and Joseph P. McCarthy, Asst. Attys. Gen., Salt Lake City, for defendant-respondent.

CROCKETT, Chief Justice.

Lonnie Edward Strong seeks reversal of a judgment of the District Court in a habeas corpus proceeding which denied his release from the Utah State Prison where he is serving a term pursuant to his plea of guilty to a charge of robbery.

The issue which was presented and ruled upon in the district court, and which is, therefore, the issue properly reviewable on this appeal, was stated thus:

THE COURT: * * * What is it you're claiming in this case * * *?

DEFENSE COUNSEL: I am claiming the fact that the plea was entered on

1. See Gagos v. Industrial Commission, 87 Utah 92, 93, 39 P.2d 697 (1934); Nichol v. Wall, 122 Utah 589, 253 P.

the promise of benefit to this defendant and, therefore is not proper.

The contention made was that taking plaintiff's plea of guilty on the robbery charge on the condition that the other charges against him would be dismissed constituted undue persuasion and coercion.

There is brought here only the record in the habeas corpus proceeding and the transcript of the hearing thereon. Although it appears that plaintiff and his counsel had in their possession the record of the original proceeding upon which this conviction rests, they elected not to introduce it in evidence in this proceeding, for which we assume they had their own reasons. This seems to correlate with the fallacy which the plaintiff persists in on this appeal: that his own evidence presented at the habeas corpus proceeding must be taken as the fact. The law does not so require. It is the prerogative of the trial court to judge the credibility of the evidence. While it is true that he should not arbitrarily reject competent, credible, uncontradicted testimony, nevertheless he is not compelled to believe evidence where there is anything about it which would reasonably justify refusal to accept it as the facts, and this includes the self-interest of the witness.[1]

From what can be made out of this sparse record, these facts appear: There

2d 355 (1953); Hanlon v. Western Loan & Building, 46 Cal.App.2d 580, 116 P. 2d 465 (1941).

were several charges pending against plaintiff in San Juan County. Attorney Frank B. Hanson was appointed to represent him. He conferred with the plaintiff at the time of the preliminary hearing. After the plaintiff was bound over to the district court for trial, and after further conference with his attorney, they agreed that plaintiff would plead guilty to the robbery charge upon the promise of the prosecutor that he would not press other charges of attempt to escape and destruction of State property. This was done.

That a plea of guilty must be made voluntarily, without undue influence or coercion, and with a clear understanding of what the charge is, is a self-evident proposition.[2] It is, of course, conceivable that under some circumstances the exaction of a plea to one charge as a condition to the dismissal of others might be used in such a manner as to amount to undue influence or coercion which would negate the voluntariness of the plea. But the mere fact that a defendant, against whom there are multiple charges pending, pleads guilty to one of them on the condition that the others be dropped certainly does not in and of itself compel a finding of coercion. There is nothing in this record to justify a conclusion that the will of the plaintiff was overcome, or that he did not rationally weigh the choices before him and choose the one which he then thought was most beneficial to his interest.

Related to his charge of coercion in obtaining his plea, plaintiff urges that his "court-appointed counsel was negligent so far as to being incompetent, rendering appellant to have been denied the effective representation by counsel." The complaint in this regard is that his attorney held only brief conferences with him at the time of the preliminary hearing and prior to the entry of his plea. No one will question that the right of an accused to counsel means by a competent member of the Bar who shows a willingness to identify himself with and represent the interests of the defendant in good faith.[3] But no deficiency in that regard follows solely from the fact that the conferences were relatively brief. A conference is not inherently wrong simply because it does not take a long time. It is what was done that is important, not the time consumed in doing it. In addition to the facts that it is plainly evident that the plaintiff well understood what he was doing and that he voluntarily made the choice to plead guilty to the charge of robbery, we further observe that the charge he now makes that his counsel was "negligent" and "incompetent" finds no support in the record. The rea-

2. See Utah Const. Art. I, Sec. 12; U.S. Const. amend. VI; 22 C.J.S. Criminal Law § 423(2).

3. See our recent statement in Alires v. Turner, 22 Utah 2d 118, 449 P.2d 241 (1969), and authorities therein cited.

sonable inference is to the contrary. The arrangement that two charges against the plaintiff would be dropped upon the condition that he plead guilty to the other seems to have been quite agreeable to plaintiff and his counsel when it was done. From aught that appears, the plaintiff did not indicate any dissatisfaction with or disagreement with his attorney until his apparent change of mind, a year and a half later, when he brought this proceeding.

Plaintiff has also attempted to inject into this case on appeal two other propositions: he asserts that he "was charged in an improper information" in that the grand larceny was "scratched out" and robbery was written in at the time he entered his plea. Any deficiency in this regard is refuted by the record. Concerning this matter, the court asked plaintiff's counsel if he had the original complaint, and what it showed. The latter said yes; that it showed a charge of robbery, and did not offer it in evidence. The trial court properly assumed that it was unfavorable to plaintiff's contention.[4]

■ The plaintiff's final point is a charge of unfair treatment in the State of Kansas and that he "is entitled to relief concerning the pending detainer alleging his escape from the Kansas State Prison on the basis that he was illegally and unconstitutionally incarcerated in the State of Kansas." The trial court correctly ruled that such an issue could not properly be raised and determined in this proceeding. If at the proper time and procedure it should prove that there is a genuine issue with respect to this matter, it must be determined by the courts of the State of Kansas, as we give full faith and credit to its judgment.[5]

Affirmed. No costs awarded.

CALLISTER, HENRIOD, TUCKETT and ELLETT, JJ., concur.

---

4. That the nonproduction of evidence in the possession of a party merits inference unfavorable to him see 2 Wigmore, Evidence, Sec. 285 (3d ed.1940), and cases therein cited.

5. U.S. Const. Art. IV, Sec. 1; Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); 16 Am.Jur.2d, Constitutional Law, Sec. 585, et seq.