### UNITED STATES of America
### v.
### Benjamin I. NICHOLS, Appellant.
### No. 23869.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 28, 1971.

Decided March 8, 1971.

Mrs. Harriet J. London, Washington, D. C. (appointed by this court), for appellant.

Mr. John O'B. Clarke, Jr., Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

46. See Harding v. Aaronson, *supra* note 21, 63 App.D.C. at 108, 69 F.2d at 846; Evans v. Bell, *supra* note 21, 43 App. D.C. at 239, 263 F. at 635.

Before WRIGHT and McGOWAN, Circuit Judges, and GIGNOUX*, United States District Judge for the District of Maine.

PER CURIAM:

■ Appellant was convicted, on his plea of guilty, of assault with a dangerous weapon. 22 D.C.Code § 502 (1967). He had previously been convicted by the State of Maryland of larceny arising out of the same incident. Although the Maryland conviction had been reversed prior to imposition of sentence in this case,[1] appellant was still in state custody in Maryland, and the District Court here, apparently unsure of the exact status of the state conviction, made the sentence for the District of Columbia offense "consecutive to any sentence now being served, imposed by any State Court or by any Federal Court." Since at the time of imposition of sentence here appellant was not serving any state or federal court sentence, the "consecutive" language in his sentence here was mere surplusage and of no effect. However, appellant's federal sentence did not begin to run until he was received by District of Columbia correctional authorities from state custody. *See* 18 U.S.C. § 3568 (Supp. V 1965–1969).

■ Appellant also argues that the trial court, in accepting his plea of guilty, did not comply with the requirements of Rule 11, Fed.R.Crim.P., as interpreted in McCarthy v. United States,. 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The record reveals that the trial court addressed appellant personally, as required by Rule 11, and decided that the plea was entered voluntarily with understanding of the nature of the charge and the consequences of the plea. It is true that appellant was not advised that any sentence imposed could run consecutively to any sentence he was then serving. *See* ABA Project on Minimum Standards for Criminal Justice,

Standards Relating to Pleas of Guilty 25 (Approved Draft 1968). But since he was not serving any sentence at the time, the court's failure in this regard in no way prejudiced appellant's rights.

■ It is also true, as appellant contends, that as far as the record shows the court did not determine that there was a factual basis for the plea as required by Rule 11. The Supreme Court in McCarthy v. United States, *supra*, stated:

"Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.' "

394 U.S. at 467, 89 S.Ct. at 1171. (Footnotes omitted.) In the circumstances of this case, we assume that the court in some way satisfied itself there was a factual basis for the plea. In order to remove any doubt in future cases, however, the record should reflect the factual basis for the plea. This could be accomplished simply by having the defendant state what he did, or by having the United States Attorney, in the presence of the defendant and his counsel, briefly state the facts, or by having the facts briefly stated by a witness famil-

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

1. The reversal of the state court conviction makes consideration of appellant's double jeopardy issue unnecessary.

**224**

iar with the investigation. *See* Mc-Carthy v. United States, *supra*, 394 U.S. at 472, 89 S.Ct. 1166.

Affirmed.