Patrick Thomas McGIFF, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 4193.

Supreme Court of Wyoming.

Aug. 15, 1973.

Rehearing Denied Sept. 24, 1973.

See 514 P.2d 199.

**408** 

———◆———

Charles E. Graves, Cheyenne, and Richard M. Ross, Student Intern, for appellant.

Clarence A. Brimmer, Atty. Gen., Donald L. Painter, Sp. Asst. Atty. Gen., and Thomas J. Carroll, Laramie County Pros. Atty., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, McINTYRE, and GUTHRIE, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

Upon a plea of guilty to a charge of first degree rape [1] the defendant was sentenced to be imprisoned in the Wyoming State Penitentiary for a period of not less than 15 nor more than 20 years. Following the sentencing the defendant filed a motion to correct and reduce the sentence to provide for psychiatric treatment in the Wyoming State Hospital or, in the alternative, to permit him to withdraw his plea of guilty. This is an appeal from the order denying that motion of the defendant.

Our criminal procedure statutes (§§ 7-348 through 7-378, W.S.1957) contain provisions for sentencing of persons convicted of certain sex crimes. They provide that whenever any person is convicted of or pleads guilty to certain sex crimes, including rape, the trial court shall cause certain reports to be made to the court. One report is to be made by either the county and prosecuting attorney or the state probation and parole officer, which

report is to outline the circumstances of the offense, the criminal record, social history, and present condition of the defendant. The other report is to be made by examining physicians appointed by the court, which written report shall be filed as part of the record but not open to public inspection.

If it appears from the written report that the conduct of the person examined by the physicians has in the past been characterized by a pattern of repetitive or compulsive behavior accompanied by either violence or an age disparity, then the court may place such convicted person on probation to receive outpatient psychiatric treatment or *commit* him for treatment to the state hospital or other psychiatric institution, or the court may *sentence* such convicted person to the penitentiary for a period of time as provided by law for the crime for which he was convicted.[2]

When the behavior of the convicted person is not within the meaning of the Act, that is, his conduct has not been characterized by a pattern of repetitive, compulsive behavior, and neither violence nor age disparity was indicated, then the court shall impose sentence as provided by law for the crime for which the person was convicted.[3]

 Therefore, under our procedural statutes, if the trial court finds the convicted person's behavior was within the meaning of the Act he *may* be sentenced to the penitentiary, and, if his conduct was not within the meaning of the Act, he *shall* be sentenced to the penitentiary.

1. Section 6–63, W.S.1957 (1973 Cum. Supp.), categorizes three degrees of rape, the first two of which are classed as felonies and the third as a misdemeanor. Section 6–63(A) provides: "Whoever unlawfully has carnal knowledge of a woman or female child forcibly and against her will is guilty of first-degree rape, and shall be imprisoned in the penitentiary for any term not less than one (1) year, or during life."

2. The statute, § 7–351, W.S.1957 (1973 Cum.Supp.), as originally enacted in

1951, provided only for psychiatric treatment of the convicted person if it appeared from the written report that his conduct was in the past characterized by a pattern of repetitive or compulsive behavior accompanied by violence or an age disparity. The statute as amended in 1963 authorized the trial court to either provide for psychiatric treatment or sentence the convicted person to the State Penitentiary for a term as provided by law.

3. Section 7–359, W.S.1957.

The defendant argued:

"I. The court failed to comply with the requirement of the Sex Offenders Act that it obtain reports from two physicians prior to sentencing.

"II. The court's ability to exercise sound discretion was affected by its mistake in fact as to the defendant's state of mind and susceptibility to treatment.

"III. The handling of the case below is subject to reversal because of the lower court's misapprehension of its powers under the applicable statutes."

He then asked that this court reverse the action of the district court and that he either be ordered to be transferred to the Wyoming State Hospital or, in the alternative, that his guilty plea be withdrawn and that he be granted a trial on the merits.

 The defendant was not pleased with the sentence imposed and his displeasure appears to be the reason for his appeal. He made no argument that the sentence was too severe but only that he should have been sent to the State Hospital instead of the State Penitentiary, and he sought to fasten upon a technicality as one means to accomplish his desired goal of having the sentence changed. He argued that the report from one of the physicians was not filed with the court at the time of sentencing as anticipated by the statute. The record is not clear whether the reports from both psychiatrists were before the court when sentence was imposed.[4] Even if we assume that defendant's contention is correct we fail to see how this could have resulted in any error since his appeal is from the trial court's failure to grant his motion to correct and reduce the sentence, and at the time of the hearing on the mo-

tion the trial court had before it the report from the second psychiatrist. Additionally, the defendant had the psychiatrist whose report he alleges was not before the court at the time of sentencing testify at some length before the district court at the motion hearing. Therefore, if there was any error committed by the trial court at the sentencing it was cured since the report was before the trial court at the time of the hearing on the motion. If both reports were not before the trial court at the time of sentencing the defendant so knew—or should have known—and he had an obligation to call this to the court's attention. He cannot invite error and then be heard to complain if the sentence is not what he anticipated or hoped it might be. Prior to the time he entered his plea he was advised by two different district judges that if he was convicted or plead guilty he could be sentenced to the penitentiary for a life term. He attempted to make his guilty plea subject to the sex crimes sentencing statutes, but the trial court made it clear the plea would not be accepted subject to any condition. Therefore, he should certainly have anticipated that a sentence of 15 to 20 years was within the realm of possibilities.

 The defendant contended that the trial court failed to exercise sound discretion in not sending him to the State Hospital for treatment, instead of to the penitentiary. His basis for the argument was that the statute contemplated that convicted sex offenders would be sent to the hospital unless the trial court, within its sound discretion, determined otherwise. His argument then proceeded to discuss the topic of abuse of judicial discretion. We find nothing in the statutes, however, which

---

4. Section 7–350, W.S.1957, provides that upon completion of the mental and physical examinations the examining physicians shall deliver to the district court a written report which shall be filed in the court as part of the record. The copies of the reports were placed in the record in an unusual fashion. An alleged copy of one of the reports was attached to the defendant's motion, and the other re-port together with a stipulation that it should be considered as part of the record was contained in the defendant's brief as an appendix. There is therefore some question whether either report is actually a part of the record. The defendant as the appellant has the obligation to see that an adequate and proper record is filed.

would indicate that the legislature intended that the convicted person be sent to the hospital unless the trial court for good reason determined otherwise. He acknowledged that the intent of the legislature is indiscernible, but argued that the intent of sexual psychopath laws in general is to protect society by rehabilitating the offender. While this may be true we are not called upon to rule on sexual pschopath laws in general. Our only mandate is to determine if the trial court acted within its sentencing powers as authorized by the Wyoming legislature, Our statute, § 7-351, says:

"If it shall appear to the court from said written report that the conduct of the person examined in accordance with section 7-349, Wyoming Statutes 1957, [this examination is made by two qualified physicians] (hereinafter called 'the convicted person') has in the past been characterized by a pattern of repetitive or compulsive behavior, accompanied by either

1. Violence, or

2. An age disparity from which it shall appear that at the time of the crime for which the defendant was convicted or to which plea of guilty was entered, the victim was under the age of fifteen years and the convicted person was an adult aggressor, then the court may enter its order in accordance with section 7-352, Wyoming Statutes 1957 [this section provides for psychiatric treatment] or sentence such convicted person to the state penitentiary for a period of time not greater than the maximum provided by law for the crime of which such person was convicted or to which a plea of guilty was entered."

Even if the reports from the two examining physicians, made in accordance with § 7-349, W.S.1957 (1973 Cum.Supp.), revealed that the convicted person's conduct in the past had been characterized by a pattern of repetitive or compulsive behavior accompanied by either violence or an age disparity, we find nothing in the statute which would require that the trial court must commit the defendant to hospital treatment, or even that hospital treatment is to have some preferred status over a penitentiary sentence.

The sentence of the trial court would have been proper for another reason which the parties failed to discuss. While the reports of the examining physicians indicated the defendant had a compulsive behavior, the reports were silent as to past violence or age disparity. It would therefore appear that the conduct of the defendant in the past had not been characterized by those symptoms so as to bring him within the sex crime sentencing statutes. It is clear the legislature did not anticipate that all persons convicted of those specified sex crimes would be sentenced under the special provisions because it provided in § 7-359, W.S.1957:

"If it shall appear to the court from the report of the mental and physical examination of such convicted person, made pursuant to sections 1 [§ 7-348] and 2 [§ 7-349] of this act, that such person's conduct has not been characterized by a pattern of repetitive, compulsive behavior, and neither violence nor age disparity was indicated, as provided in section 4 of this act [§ 7-351], then the court shall impose sentence upon such convicted person in the manner heretofore or hereafter provided by law."

The defendant further argued that the trial court misunderstood its authority under the sex offenders sentencing statutes and the judgment was therefore based upon a false or mistaken application of the law and was therefore error by definition, and the only appropriate remedy would be the substitution of the lower court's alternative disposition. We do not disagree with the reasonableness of the rule that if a trial court misconceived the applicable law the effect of the supposed discretion, because it lacked foundation in law, would become in essence an arbitrary act. However, we are not convinced the record demonstrated that the trial court

misunderstood the statutes, and the burden of such showing rested upon the defendant.

The thrust of this portion of the defendant's argument was that the trial court could under the statute § 7-356, W.S.1957 (1973 Cum.Supp.), specify minimum or maximum periods of detention for which the defendant might be confined in the State Hospital, whereas the trial court indicated that it had no such authority. In support of the contention he cited a comment by the trial court at the sentence hearing and the statement made in the court's memorandum letter. The comment made by the trial court was, "He can't be sentenced to the hospital." This is technically correct because the statutes provide for sentencing to the penitentiary and commitment to the State Hospital. In light of all the circumstances in this case, as will be later pointed out, the difference in the meaning of these two words is not just one of semantics but is one of substantial significance. The statement made by the trial court was as follows:

"When the vagueness of the testimony of the Psychatrists [sic] as to any successful treatment or any definite treatment is considered with the fact that there is no assurance the defendant would be kept in confinement at the State Hospital for any length of time is contrasted with the unanimous agreement that the defendant is dangerous and would be dangerous to the public if permitted to be at large the Court feels that in justice to the public as well as under the facts brought out in this case the sentence given in the criminal matter should be kept in full force and effect and that no other course should be followed."

We think it significant that the trial court said there was no assurance that the defendant would be *kept in confinement* at the State Hospital. The effect of this wording becomes apparent when the balance of the letter and the order subsequently entered are considered. It is reasonable to conclude the trial court understood that although the defendant might be committed to the hospital there was no assurance that he would be confined in such a way that he would not be permitted to be at large. Evidence in the record indicated the court was entirely justified in feeling that this defendant should be physically confined because both examining psychiatrists agreed he was dangerous to the public. One psychiatrist testified:

"* * * the treatment of this man isn't going to be easy. It isn't just a sexual problem, isn't an isolated problem. It is whole personality."

The trial court would have been justified in concluding that this witness was impartial, weighing his testimony accordingly because he had been appointed by the court and was called by the defendant as his witness at the hearing on his motion.

We therefore believe it is clear the trial court understood its authority under the sex offender sentencing statutes and the effect of a commitment to the State Hospital or a sentence to the penitentiary. Since we find no convincing basis for the defendant's argument that the trial court misunderstood the applicable statutes, the defendant's argument is without merit.

■ The defendant had the advice of two competent counsel. One counsel was appointed for him, but he later retained different counsel. His retained counsel represented him at the preliminary hearing and all subsequent proceedings. The defendant entered a plea of not guilty by reason of insanity, not triable by reason of present insanity, and not guilty. He was, pursuant to statutes, sent to the State Hospital for observation, and, apparently upon a finding that he was not insane either presently or at the time of the commission of the crime, was again brought before the court at which time he changed his plea to guilty. The trial court found, and the record amply supports its findings, that the defendant's plea of guilty was freely and voluntarily made with a full understanding of the significance and consequences of such a plea. We have carefully reviewed

the entire record and are convinced the defendant was afforded fair, complete, and unbiased hearings on his sentence and motion. In its judgment and sentence the trial court recommended that psychiatric treatment be given defendant if needed. We are certain this recommendation will be given proper consideration by those charged with the administration of the penitentiary and State Hospital, taking into account the method of accomplishing any such needs as shall reasonably protect the interests of the public.

The judgment and sentence of the trial court is affirmed.

Affirmed.

McCLINTOCK, J., was not a member of this court at the time of oral argument, and he therefore did not participate in the consideration or decision of the case.