Patrick Thomas McGIFF, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 4193.

Supreme Court of Wyoming.

Sept. 24, 1973.

Charles E. Graves, Cheyenne, and Richard M. Ross, Wyoming Defender Aid, Laramie, for appellant.

Clarence A. Brimmer, Atty. Gen., Donald L. Painter, Sp. Asst. Atty. Gen., and Thomas J. Carroll, Laramie County Pros. Atty., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, McINTYRE, and GUTHRIE, JJ.

## ON PETITION FOR REHEARING

McEWAN, Justice.

A petition for rehearing has been filed by appellant-defendant. He made four contentions which will be discussed in numbered paragraphs corresponding to those of the petition.

1. Defendant contended that the opinion 513 P.2d 407, failed to consider whether the district court complied with the provisions of Rule 15, W.R.Cr.P. (Federal Rule 11) which requires a district court, before accepting a plea of guilty, to personally address the defendant to determine that the plea was made voluntarily, with the understanding of the nature of the charge and the consequences of the plea. The defendant is correct in his statement that this was not considered by this court. It was not considered because the question was not raised by the defendant. Apparently he would have us examine the question on our own application, but we think no such duty rests upon this court. The defendant must make some affirmative attack on the plea in order to raise the question for consideration. While it is questionable that this matter is a proper subject for consideration on a petition for rehearing since the question was not raised previously either in the trial court or this court, we have nonetheless examined the record and determined that there is no merit in this contention. The record clearly shows that the trial court personally addressed the defendant and made sufficient inquiry of him to support a finding that the plea was voluntary, and that the defendant clearly understood the nature of the charge against him and the consequences of the plea. The defendant did not point out where any of the inquiries by the court were deficient as a basis for determination as required by the rule except that he contended the trial court failed to advise the defendant of the consequences of his plea because he was not advised of the sentence which might be imposed upon him. Two district judges on two separate occasions advised the defendant that the offense for which he was charged was a felony which carried a penalty of not less than one year or more than life in the Wyoming State Penitentiary. We fail to see how the trial court could have been more specific in its address to the defendant as to the consequences of a plea of guilty.

2. The defendant argued that this court in its opinion revealed a misunderstanding of the argument made on behalf of the defendant pertaining to the question of the abuse of discretion on the part of the trial court in not committing the defendant to the State Hospital instead of sentencing him to the penitentiary. We did not misunderstand the argument of counsel. We just didn't agree with it. So there can be no misunderstanding of our holding on this point we believe that a fair summary of our holding is that the trial court could, in its sole discretion, determine whether a convicted person coming under the sex offender's sentencing act (§§ 7–348 through 7–378, W.S.1957) would be sentenced to the penitentiary or committed to the State Hospital, and that nothing in the statutes indicates that a preference should be given to either sentence or commitment.

■ 3. The defendant referred to that portion of the opinion where it was stated the reports of the examining physicians did not show that the defendant's conduct in the past had been characterized by violence. In order to come within the provisions of the sex offender's sentencing act the conduct of the convicted person must in the past have been characterized by violence, which is to be shown by the reports of the two physicians appointed by the trial court. This statute, § 7–359, W.S.1957, was cited in the original opinion. The defendant argued that the report from the State Hospital showed he had been violent in the past, and the court should have considered that report. It is questionable if that report was part of the record, but even if it was it is clear that the statute does not contemplate that such a report can be used to make a determination of past violent characteristics. The State Hospital report was not made for the purpose of sentencing but was made in response to the referral for psychological evaluation to assist the hospital's assessment in response to insanity pleas to the alleged offense of rape. Thus, the report was not relevant to the question but, as we said in the opinion, the question of whether or not the defendant came within the purview of the sex offender's sentencing act is not crucial because even if he did it was still within the trial court's discretion as to whether he be sent to the penitentiary or the State Hospital.

■ 4. In his petition the defendant stated this court failed to consider that portion of his motion to the district court requesting that he be permitted to withdraw his plea of guilty. Rule 33(d), W.R. Cr.P. (Rule 32(d) Federal Rules) provides:

"A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment or conviction and permit the defendant to withdraw his plea."

Defendant's motion to withdraw the plea of guilty was made after the sentence was imposed and could therefore be granted only "to correct manifest injustice." Although the defendant's motion filed in the district court was entitled "Motion to Correct and Reduce Sentence or in the Alternative Motion to Withdraw Plea of Guilty," and contained a specific request to withdraw the plea, that part of the motion was not discussed or pursued in any way in the trial court. Defendant's brief in this court did not contain any argument on the point, nor was it assigned as a point upon which he relied for reversal. The only reference made in the defendant's brief was:

"CONCLUSION

For all of the foregoing reasons the Appellant respectfully requests that the action of the District Court be reversed and that he either be ordered to be transferred to the Wyoming State Hospital, or in the alternative, that his guilty plea be withdrawn and hereby granted a trial on the merits."

Since the defendant made no argument on this point we can only speculate as to what he considered as grounds of manifest injustice. The defendant has never denied his guilt, and in his letter dated August 21, 1973, addressed to Justice McEwan, who wrote the opinion herein, the defendant said:

"I cannot deny my guilt and have never pretended to deny it, either to myself, my attorney or the courts. However I feel that a person should not be punished for being sick as I undoubtedly am. After being confronted with the Drs. and the hospitals report, I feel the court is in error in trying me as a sane and normal person. I felt that I could trust the courts in recognizing mental illness as a sickness and could differenciate between a sick person and a criminal."

We are rather at a loss as to how to treat the aforesaid letter, but have concluded that it should be considered along with the petition for rehearing as an insight to

**202**

what the defendant's contentions may be. It appears that the defendant's only objection to the sentencing proceedings in the district court was that he was sentenced to the penitentiary when he felt he should have been committed to the State Hospital. It may well be the defendant anticipated he would be sentenced to the State Hospital. However, nothing in the record discloses that the trial court or the prosecution made any indication which would lead the defendant to so believe. If he did in fact have such a belief it was derived from impressions received from someone other than the court or the prosecution. Severity of sentence even if upon erroneous advice of counsel, or greater than defendant's attorney had led him to expect, or an unfulfilled hope of leniency, is not a sustainable ground for withdrawal of a guilty plea in the absence of showing actual reliance on statements of the judge or prosecutor which resulted in the entry of the guilty plea. See the cases collected in 2 Wright, Federal Practice and Procedure, § 539, p. 478 (1969). The burden of proof of manifest injustice is on the party seeking to withdraw the guilty plea. Meyer v. United States (8 Cir.), 424 F.2d 1181, cert. den. 400 U.S. 853, 91 S.Ct. 92, 27 L.Ed.2d 91. The defendant has failed in his burden to show manifest injustice and, in fact, has called nothing to our attention in regard to that contention. We have examined the record and find no basis for holding that the defendant should be permitted to withdraw his guilty plea to correct manifest injustice as contemplated by the rule.

As was mentioned in paragraph 4, the defendant addressed a letter to Justice McEwan. The letter has been filed and treated as an adjunct to the petition for rehearing as filed by defendant's counsel.

The petition for rehearing is denied.

McCLINTOCK, J., was not a member of this court at the time of oral argument, and he therefore did not participate in the consideration or decision of the case or the petition for rehearing.