The STATE of Utah, Plaintiff
and Respondent,

v.

William FORSYTH, Defendant
and Appellant.

No. 14586.

Supreme Court of Utah.

Feb. 3, 1977.

**3.** *Sullivan v. Turner,* 22 Utah 2d 85, 448 P.2d 907, *Strong v. Turner,* 22 Utah 2d 294, 452 P.2d 323.

Steven L. Grow, Grow, Musselman & Watson, Orem, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant, William L. Forsyth appeals from an order denying his motion to withdraw his plea of guilty to a charge of theft by deception.[1] He contends: first, that the guilty plea was not entered understandingly and voluntarily; second, that he did not have representation by competent and effective counsel; and third, that accordingly, the trial court abused its discretion in denying his request to withdraw the plea.

Arising out of defalcations stated to aggregate over $200,000 in connection with the promotion and prospective development of recreational facilities and a health club, the defendant was charged with five specific counts of theft by deception, ranging from $5,000 to $15,000, totaling $35,000. A preliminary hearing was held September 12, 1975 and the defendant was bound over to the District Court for trial. He told his then counsel that he would make some arrangement about fees and would be in contact with him. The evidence is that his counsel made numerous attempts to contact him between that time and January 5, 1976 when the trial was to be held in the District Court. But except for one contact, his counsel had been unable to be in touch with the defendant. In accordance with the request of that attorney, the January 5th trial setting was vacated and continued until February 2 to allow the defense more time to prepare for trial.

On January 30 the respective attorneys and the defendant appeared in court and pursuant to representations made to the court and his questioning of the defendant and his counsel, the defendant entered a plea of guilty on one count and the prosecutor moved to dismiss the other four, which motion was granted. On February 27 the defendant appeared for sentence. He then made a motion to be permitted to withdraw his plea of guilty. His assertions were that his attorney had lead him to believe he could plead "no contest" instead of guilty; that the prosecutor had stated he would face a "red-necked" jury; that both the prosecutor and his own counsel told him that he would likely get probation. Such prospect was not now to be realized; and he asserted that by such representations he had been persuaded and in effect coerced into entering the guilty plea. It is from the rejection of these assertions that the defendant appeals.

We are in full agreement with the proposition that for a plea of guilty to be valid it must appear that the accused had a clear understanding of the charge and without undue influence, coercion, or improper

1. Sec. 76–6–405 and 76–6–412, U.C.A.1953.

inducement voluntarily entered such plea.[2] On the basis of the questions asked on those matters and the defendant's answers thereto, there is ample basis for the trial court's conclusion that the just stated standard was met; and that the defendant understood and weighed the alternatives he had and chose the one which he thought most beneficial to him.[3]

■ The defendant also argues that the trial court did not sufficiently ascertain whether there was a sufficient factual basis to justify accepting his plea of guilty;[4] and that it was in error in applying a so-called "probable cause" standard of proof in that regard. We recognize, of course, that it is the duty of the trial court to see that the interests of justice are served by now allowing a person to enter a plea of guilty to a crime he has not committed. In performing that duty, the court is not bound to any rigidity of rule or procedure, but may do it in any manner consistent with reason and fairness which he thinks will best accomplish that purpose.[5] This responsibility was properly taken care of here by the court hearing a summary by the prosecutor and by the defendant's counsel of their evidence as to the position of each, upon the basis of which the court accepted the plea of guilty on the one count and granted the motion to dismiss to the others.

■ In regard to the defendant's contention that he was not accorded the right to effective counsel,[6] this is to be said: It is not at all uncommon for one who finds himself in such trouble as having been found or pleaded guilty to a crime to turn

upon and impute fault to one who has previously tried to assist him. But the mere assertion of such a charge does not prove the fact. This is especially so because the assertion is suffused with such self-interest that the trial court is not bound to believe it.[7] From what has been said above, it will be seen that the defendant's counsel represented his interests before the court, even when the defendant himself did not cooperate and could not be located. The record plainly indicates that at the time of the entry of the defendant's plea, there was a full discussion and inquiry into his options and the dismissal of the other charges, pursuant to which he voluntarily made his choice.

■ In this proceeding defendant had the burden to persuade the court that his counsel failed in some manner to represent his interests, which resulted in prejudice to his defense,[8] in which burden he failed. The motion to withdraw a plea of guilty is addressed to the discretion of the court;[9] and as in all discretionary matters, due to his prerogatives and his advantaged position, the trial judge is allowed considerable latitude in the exercise of that discretion, which the appellate court will not interfere with unless it plainly appears that there was abuse thereof.[10] On the basis of the record before us and what has been said herein, we are not persuaded that there was any such abuse of discretion.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

**2.** *Strong v. Turner*, 22 Utah 2d 294, 452 P.2d 323.

**3.** Id.

**4.** Citing *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

**5.** *People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533; *People v. Dugan*, 4 Ill.App.3d 45, 280 N.E.2d 239; *United States v. Nichols*, 142 U.S.App.D.C. 194, 440 F.2d 222; *State v. Newton*, 87 Wash.2d 363, 552 P.2d 682.

**6.** See *Strong v. Turner*, footnote 2 above; *Andreason v. Turner*, 27 Utah 2d 182, 493 P.2d

1278; *Alires v. Turner*, 22 Utah 2d 118, 449 P.2d 241.

**7.** *Strong v. Turner*, footnote 2 above; *Sullivan v. Turner*, 22 Utah 2d 85, 448 P.2d 907.

**8.** *Jaramillo v. Turner*, 24 Utah 2d 19, 465 P.2d 343.

**9.** *State v. Garfield*, 552 P.2d 129 (Utah).

**10.** *McGiff v. State*, 514 P.2d 199 (Wyo.); *Meyer v. U. S.*, 424 F.2d 1181 (8th Cir.); *State v. Huntley*, 129 N.J.Super. 13, 322 A.2d 177.