The STATE of Utah, Plaintiff and Respondent,

v.

Frederick William ALBERT, Defendant and Appellant.

No. 15551.

Supreme Court of Utah.

Aug. 30, 1978.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Deputy Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, Dennis L. Draney, Duchesne County Atty., Roosevelt, for defendant and appellant.

Phil L. Hansen and Bryan L. McDougal of Hansen & Hansen, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant, Albert, pleaded guilty to theft (Class A misdemeanor) in violation of Title 76–6–404, Utah Code Annotated 1953, as amended, and was given 6 months in the county jail.

Albert appeared without counsel and attempted to enter a plea of guilt to the charge. The court refused to accept the plea unless defendant had counsel. A member of the Bar was present and offered to represent the defendant. Counsel conferred with the defendant and then at the end of the calendar for the day, the defendant came before the court with a co-defendant named Mach. Mach was questioned first by the court, who asked him, among other things if he knew the penalty was up to one year in jail, and if he had been in the Duchesne County jail and still wanted to plead guilty, he had a right to require the County Attorney to prove everything in the charge beyond a reasonable doubt; that he could waive that right, and whether he wanted to waive that right; that in doing so he was admitting the offense, to all of which Mach answered "yes". He further said that no one had promised him anything for a guilty plea, that his reason for pleading guilty was that he had stolen property in his possession.

It was then Albert's turn and with counsel present, he pleaded guilty and said that he was involved in the same transaction with Mach; that he heard the questions of the Judge and Mach's answers, and that his answers would be no different. The court then said that he found the plea of guilty was voluntarily entered.

On appeal, Albert urged that 1) the court erred by not personally asking him as to his guilt; 2) that this court should adopt Rule 11 of the federal rules of criminal procedure as the law of this State; and 3) that Albert was denied adequate counsel.

■ As to 1) above: The colloquy above, in our opinion, satisfies the guidelines of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968), the case most frequently cited anent the contention here made by Albert, so that this point on appeal appears to be without substance.

As to 2) above: The suggestion embodied in the point is just that a suggestion and is a matter for the legislature, and besides, the adoption of such a rule would not alter the result here anyway.

■ As to 3) above: Albert relies on *Alires v. Turner,* 22 Utah 2d 118, 449 P.2d 241 (1969) in support of his contention as to inadequacy of counsel, to whose appointment he freely consented, and with whom he had time to consult before entering a plea, and in spite of his desire to plead without counsel, which plea the trial court refused to accept without counsel. That case so far removed factually as to be no authority at all here. *State v. Forsyth,* 560 P.2d 337 (Utah 1977).

The trial court is affirmed.

MAUGHAN and WILKINS, JJ., concur in the result.