Douglas F. OATES and Lois A. Oates, husband and wife, Plaintiffs and Respondents,

v.

Tony A. CHAVEZ, and M. Nancy Chavez, husband and wife, Dennis M. Chavez, R.L. Yergensen, Perry Gygi and Ann Gygi, husband and wife, Corrugated Pipe Co., Walker Bank & Trust, Doe I through Doe X, Defendants and Appellants.

No. 19843.

Supreme Court of Utah.

Jan. 27, 1988.

Elliott Lee Pratt, Dennis C. Stickley, Salt Lake City, for defendants and appellants.

Lance T. Wilkerson, Vernal, Richard A. Rappaport, Salt Lake City, for plaintiffs and respondents.

HALL, Chief Justice:

The district court quieted title to certain real property in plaintiffs, but required that they convey the same to defendants Chavez upon payment of its reasonable value.

The facts in this case are not materially in dispute and are set forth in the findings of fact made by the trial court.

### Findings of Fact

1. In 1958 Plaintiffs purchased a tract of real property in Salt Lake County which was conveyed to them by Warranty Deed....

2. In 1975 the property was divided into nine lots of about five acres each plus three small lots with a fifty foot strip running through the tract that ended in the cul-de-sac to provide rights-of-way to the lots. These rights-of-way were never conveyed to anyone, but remained within the ownership of the Plaintiffs. Defendants Chavez purchased several of the lots and were granted the use of the rights-of-way with each deed either in whole or in part.

3. In 1978 and 1979 the property was subdivided into smaller lots with two subdivision plats known as Westriver Estates Plat A and Westriver Estates Plat B. The "rights-of-way" were not shown on the plat nor [were] the lots configured so as to recognize the existence of either the rights-of-way or the ownership of the

fee simple of the fifty foot strip. The subdivision plats are signed by the Plaintiffs and Defendants Chavez which dedicate roads within the subdivision across the rights-of-way.

4. On July 19, 1979, Plaintiffs and Defendants Chavez, signed a document called a "disclaimer" by which they "abandoned and terminated" the rights-of-way created by various deeds "as if said rights-of-way had never been created"....

5. Plaintiff testified that he thought the purpose of the disclaimer was to "do away with any rights on the rights-of-way". Plaintiff did not tell Defendant Chavez that he felt he still owned the fifty foot strip that had been the rights-of-way and Defendant Chavez proceeded with the subdivision unaware of Plaintiffs' claim. Defendant Chavez stated that he would not have developed the subdivision if he had known of Plaintiffs' claim.

6. Plaintiffs did tell the developers of the property, specifically, Bruce Jeppsen, that Defendants Chavez would have to "pay for the property" but this claim was not passed along to Defendants Chavez.

7. The price of this undeveloped property was $14,500.00 per acre.

8. The area in dispute consists of 1.76 acres less the amount dedicated to public streets which the court estimates to be approximately one-quarter acre leaving one and one-half acres.

9. This court has both legal and equitable powers and pursuant to them and based on the Findings of Fact above makes the following....

Based upon the foregoing findings, the trial court concluded that the fee was vested in plaintiffs, subject only to the various rights-of-way which were extinguished by the disclaimer; that the disclaimer was unambiguous and did not purport to convey fee title; that having stood mute, permitting defendants to make substantial expenditures to improve the newly subdivided property, plaintiffs were estopped to deny them title to the fifty-foot strip; and that defendants were obligated to pay the reasonable value thereof, computed on the basis of $14,500 per acre for undeveloped property, or a total of $21,750.

Rule 52(a) of the Utah Rules of Civil Procedure directs that findings of fact shall not be set aside unless clearly erroneous. Defendants have not made such a showing, and we therefore do not disturb the findings of the trial court.[1]

■ Conclusions of law are accorded no particular deference, but are viewed simply for correctness.[2] In this case, the findings of fact adequately support the conclusions of law, with the exception of the value placed on the fifty-foot strip to be conveyed.

The value of the land in question was not an issue framed by the pleadings. However, evidence of value was introduced several times incidental to the quiet title issue, and no exception was taken thereto, nor was any limitation placed on its use.

■ Rule 15(b) of the Utah Rules of Civil Procedure permits issues not raised by the pleadings to be tried by express or implied consent of the parties, and it was thus within the prerogative of the trial court to consider the evidence of value adduced by the parties in fashioning the relief afforded. However, the evidence of value presently of record is too meager to support a determination as to the reasonable value of the fifty-foot strip.

It is unreasonable, and therefore incorrect, to conclude that this narrow strip of land which is now bisected by the dedicated streets of two subdivisions should be valued solely on the basis of the per-acre acquisition price of the overall subdivision property. Rather, additional factors that bear upon value should be considered, such as the facts, circumstances, and terms of the sale of the prior acreage acquired and the similarities and differences of the land yet to be acquired.

---

1. *See Ashton v. Ashton,* 733 P.2d 147, 150 (Utah 1987).

2. *Id.*

We affirm, but remand for the purpose of taking additional evidence of the value of the fifty-foot strip and for entry of judgment accordingly. No costs awarded.

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.