[No. F010805. Fifth Dist. Oct. 26, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
RANDY VIRGIL MINNICK, Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, W. Scott Thorpe and Janet Neeley Kvarme, Deputy Attorneys General, for Plaintiff and Appellant.

Alys Briggs, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

STONE (W. A.), J.—

### STATEMENT OF THE CASE AND THE FACTS

The People appeal from an order granting a new trial after a jury convicted respondent, Randy Virgil Minnick, of four counts of child molestation by force in violation of Penal Code section 288, subdivision (b). In addition, the jury found that respondent occupied a position of special trust and had committed an act of substantial sexual conduct within the meaning of Penal Code section 1203.066. The sole evidence against respondent was the testimony of the victim, respondent's 10-year-old daughter. The basis for the motion for new trial was the testimony of the victim in which she recanted her previous testimony and stated that she in fact had not been molested by respondent. According to the victim, she had lied at trial because she was angry with her father and "wanted to get even." In fact, the victim changed her story approximately four times following the verdict.

### DISCUSSION

### I

### THE STANDARD

 The granting or denial of a motion for new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court,

and the appellate court will not interfere except upon a clear showing of an abuse of discretion. (*People* v. *Love* (1959) 51 Cal.2d 751, 757-758 [336 P.2d 169]; *People* v. *Montgomery* (1976) 61 Cal.App.3d 718, 730 [132 Cal.Rptr. 558]; *People* v. *McGaughran* (1961) 197 Cal.App.2d 6, 17 [17 Cal.Rptr. 121].) ■ While it is true, generally, that motions for new trial are looked upon with disfavor (*People* v. *Love, supra,* 51 Cal.2d at p. 757) and that the recantation of a witness should be given little credence (*People* v. *McGaughran, supra,* 197 Cal.App.2d at p. 17), it is within the trial judge's discretion whether or not the showing merits the granting of a new trial. (*Ibid.*)

" '. . . [The question of whether a motion for new trial is to be granted] should be determined by [the trial] court with a full realization of the responsibility involved, and the motion should undoubtedly be granted where the showing is such as to make it apparent to the trial court that the defendant has, without fault on his part, not had a fair trial on the merits, and that by reason of the newly discovered evidence the result would probably be, or should be, different on a retrial.' [Citations.] Distrust or disfavor of the motion does not mean 'that when the trial court has exercised its discretion and granted a new trial that such action is looked upon with either distrust or disfavor. In fact, it has been said that one of the most prolific causes of miscarriages of justice is the reluctance of trial judges to exercise the discretion with which they are clothed to grant a new trial when the circumstances show that justice would be thereby served. . . . It is recognized that despite the exercise of diligent effort, cases will sometimes occur where, after trial, new evidence most material to the issues and which would probably have produced a different result is discovered. It is for such cases that the remedy of a motion for a new trial on the ground of newly discovered evidence has been given.' [Citations.]" (*People* v. *Love, supra,* 51 Cal.2d at pp. 757-758.)

■ In determining whether there has been a proper exercise of discretion on such motion each case must be examined on its own facts (*People* v. *Hill* (1969) 70 Cal.2d 678, 698 [76 Cal.Rptr. 225, 452 P.2d 329]), recognizing that the trial court is in the best position to determine the genuineness and effectiveness of the showing in support of the motion (*People* v. *Gaines* (1962) 204 Cal.App.2d 624, 629 [22 Cal.Rptr. 556]).

■ The People contend the trial court is required to determine whether the witness's recantation is true or false in ruling on a motion for new trial. If false, the motion must be denied; if true, it must be granted. In support of its position, the People cite *People* v. *Lee* (1935) 9 Cal.App.2d 99, 108 [48 P.2d 1003], which states: "We are finally constrained to observe that the responsibility of weighing the recantation was imposed upon the trial court.

Upon this tribunal rested the duty of determining whether the recantation was true or false. . . . It is too firmly established to require the citation of any authorities that the trial court is vested with a wide discretion in passing upon motions for a new trial and that only when it is clearly made to appear that the trial court has capriciously or arbitrarily abused its discretion its action granting or denying such a motion will be disturbed. We entertain a settled conviction that no such abuse of discretion has here been shown."

If the *Lee* court intended by this language that the trial court must find, as an absolute determination, that the recantation is true or false, we disagree. Such a holding renders meaningless the right of both the People and the defendant to have a jury determine the ultimate issue of guilt or innocence based upon all of the evidence.

Rather, we hold that the correct standard is set forth in *People* v. *Cole* (1979) 94 Cal.App.3d 854 [155 Cal.Rptr. 892] (disapproved on other grounds in *In re Kelly* (1983) 33 Cal.3d 267, 277 [188 Cal.Rptr. 447, 655 P.2d 1282]). The role of the trial court in deciding a motion for new trial based upon a witness's recantation is to determine whether the new evidence is credible, i.e., worthy of belief by the jury. That determination is made after a consideration of all the facts pertinent to the particular issue. The trial court is not the final arbiter of the truth or falsity of the new evidence.

Once the trial court has found the recantation to be believable, it must then decide whether consideration of the recantation would render a different result on retrial reasonably probable. (*People* v. *Cole, supra,* 94 Cal.App.3d at pp. 859-860.)

## II

### APPLICATION OF THE STANDARD TO THE FACTS

In ruling on the motion for new trial the court stated: "THE COURT: Well, I would have to say that this is a very disturbing case to me, regardless of what the truth is, and regardless of whatever I do, the doubts are going to trouble me, but I would make these comments.

"The Defendant has no real prior record. He's consistently denied the incident from the beginning. The only real evidence against him at the time of trial was that of [the victim]. Any corroboration from the towel and the supposed semen is subject to a reasonable explanation consistent with inno-

cence as well as with explanation consistent with guilt. That furnishes very little in the way of corroboration.

"As indicated, there was evidence by an experienced detective who dealt with [the victim] earlier in connection with other allegations who casts some doubt upon her credibility and the bottom line is there is no question at all for whatever motivation, whatever the reason, [the victim] has lied either at preliminary and the trial or here today and on the other occasions since the trial.

"She has lied convincingly. This is not the kind of case where you can say that just watching her on the stand, listening to her, that her credibility is greater at one time than it is at the other.

"As I say, there have been suggestions in the course of the trial and otherwise as to a motive for her possibly lying about her father. I rather doubt that those circumstances are very strong. They're certainly suggestions here as to a motive now for her to lie to save her father.

"The bottom line is, however, she has lied, whether at trial or here.

" . . . . . . . . . . . . . . . . . .

"THE COURT: Well, I can speculate about that. She's also apparently, even though only ten years old, discussed matters of this kind with her peers, her friends, who do talk about matters of this kind and how much she's picked up off the schoolyard and in that fashion, it's difficult to say. I can only say that she has lied and lied convincingly at some point here.

"Now, I think the question as to when is a jury function not a function for me at the moment. This constitutes, I think, very realistically new evidence and I am going to, under the circumstances I feel compelled to grant the motion for a new trial and that will be the order."

█ Although the comments of the trial court here are not clear and precise regarding whether the victim's recantation testimony is credible, we cannot say under these circumstances that the trial court abused its discretion in granting the motion for new trial. Giving all intendments in favor of the order, we find that the court independently weighed the recantation and the factors relevant to the issue, and determined that it, along with the victim's trial testimony, was worthy of belief. It is further apparent from the court's comments that it believed the recanted testimony, together with evidence that the victim had changed her story several times, would render a different result on retrial reasonably probable.

While we recognize it is entirely possible that the victim's recantation was the result of emotional trauma consistent with the well-documented child abuse accommodation syndrome, it is equally as possible that in fact she had not been molested by her father. It is not for the trial judge nor for this court to determine the ultimate question of defendant's guilt or innocence.

The order granting the motion for new trial is affirmed.

Franson, P. J., and Dibiaso, J., concurred.

On November 27, 1989, the opinion was modefied to read as printed above.