**Dail Ray STEWART, Petitioner and Appellee,**

v.

**STATE of Utah, By and Through Gary DELAND, Director, Utah Department of Corrections, Respondent and Appellant.**

**No. 910566–CA.**

Court of Appeals of Utah.

April 9, 1992.

R. Paul Van Dam, Atty. Gen., David F. Bryant (argued), Asst. Atty. Gen., Salt Lake City, for respondent and appellant.

James N. Barber (argued), Salt Lake City, for petitioner and appellee.

Before BILLINGS, Associate P.J., and JACKSON and RUSSON, JJ.

## OPINION

JACKSON, Judge:

The State of Utah appeals the trial court's grant of Dail Ray Stewart's petition for a writ of habeas corpus. We affirm.

## FACTS

Stewart was charged with second degree homicide in the stabbing death of a fellow prison inmate pursuant to Utah Code Ann. § 76–5–203 (Supp.1985). He appealed his conviction on the basis of insufficient evidence and the supreme court affirmed in *State v. Stewart*, 729 P.2d 610 (Utah 1986). In confirming Stewart's conviction, the supreme court relied on testimony that Stewart was the only one possessing a weapon which could have inflicted the deadly wounds. Stewart then filed a petition for a writ of habeas corpus pursuant to Utah Rule of Civil Procedure 65B, asserting that he had been denied due process of law.

The trial court found Stewart's first contention, that the State's witnesses had improperly testified because of promises and inducements, to be without merit. As to Stewart's second contention, that one of the State's witnesses had recanted his testimony and that there was newly discovered evidence, the trial court agreed and granted the petition. The trial court relied upon the testimony of two individuals. The first witness testified at the habeas hearing that he had deliberately omitted testifying at trial that he knew whatever Stewart had in his hand at the time of the murder was not a knife.[1] The second witness, who had not

---

1. We note that this is the precise testimony upon which the supreme court relied in affirm-

been available at trial, testified at the habeas hearing that he had seen an individual other than Stewart pull a knife and stab the victim. Further, this witness testified that Stewart was not near the victim and did not chase the victim. Based upon this testimony, the trial court determined "that there is a substantial likelihood that had such evidence been available to [Stewart], that a different verdict would have resulted," and granted the petition. The State appeals, arguing that the trial court applied an incorrect legal standard in granting the petition.

## STANDARD OF REVIEW ON APPEAL

The first issue to be resolved is the appropriate standard of review on appeal. While the parties disagree as to the standard this court should apply, neither party cites any relevant case law in support of its position. The State claims the appeal presents a legal question only, citing *Oates v. Chavez*, 749 P.2d 658 (Utah 1988) and *State v. Johnson*, 771 P.2d 326 (Utah App. 1989), *rev'd*, 805 P.2d 761 (Utah 1991). These cases merely state the standard this court applies in reviewing legal questions; neither case involves a petition for a writ of habeas corpus. Stewart cites the same two cases as the State but argues that the issue presents a mixed question of fact and law.[2] In answering this question then, we review case law from this and other jurisdictions to determine the appropriate standard of review.

While a defendant is entitled to a presumption of innocence before conviction, once he or she is convicted, the presumptions change and the defendant carries the burden of showing the proceedings and judgment were in error. *Larrabee v. Turner*, 25 Utah 2d 248, 480 P.2d 134, 135 (1971). In reviewing extraordinary writs, the appellate courts in this state have utilized different language in reviewing habeas petitions. In *Ward v. Turner*, 12 Utah 2d 310, 366 P.2d 72 (1961), the supreme court stated that "[i]n order to sustain the granting of a special writ in a case like this, something more is required than merely that the evidence might have justified the granting of a new trial had it been promptly disclosed." *Id.* 366 P.2d at 74. In *Termunde v. Cook*, 786 P.2d 1341, 1342 (Utah 1990) (per curiam), the court indicated that the trial court's findings are to be reviewed under the "clearly erroneous" standard of Utah R.Civ.P. 52(a) while conclusions of law in habeas corpus petitions are reviewed for correctness. Similarly, this court recently addressed an appeal from a trial court's denial of a writ of habeas corpus and stated that "[w]e will not reverse if there is a reasonable basis in the record to support the trial court's denial of the writ." *Hall v. Utah Bd. of Pardons*, 806 P.2d 217, 217 (Utah App.1991).

Appellate courts of other states have applied similar language in reviewing a trial court's grant or denial of a petition for a writ of habeas corpus. *See Sheriff of Clark County v. Spagnola*, 101 Nev. 508, 706 P.2d 840, 842 (1985) (per curiam) (limited to review of whether district court committed substantial error in granting relief). The federal courts of appeal review de novo the lower court's decision to grant or deny a petition for a writ of habeas corpus. *Moore v. Deputy Comm'r of Sci–Huntingdon*, 946 F.2d 236, 243 (3d Cir.1991); *Williams v. Withrow*, 944 F.2d 284, 288 (6th Cir.1991); *White v. White*, 925 F.2d 287, 289 (9th Cir.1991); *Bianchi v. Blodgett*, 925 F.2d 305, 308 (9th Cir.1991). The cases distinguish, however, between the lower court's factual conclusions, which are given deference, and legal conclusions,

---

ing Stewart's conviction. *See State v. Stewart*, 729 P.2d 610, 612 (Utah 1986) ("testimony showed that Stewart carried the only knife capable of causing the one stab wound described as fatal by the medical examiner").

2. At oral argument counsel for Stewart also relied upon *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This reliance is misplaced. That case does not stand

for the proposition that all reviews of habeas proceedings present mixed questions of law and fact, as Stewart would have us believe. Rather, the *Strickland* court said that an ineffective assistance of counsel claim, presented in the context of a habeas petition, presents a mixed question of law and fact. 466 U.S. at 698, 104 S.Ct. at 2070.

which are reviewed for correctness. *See Blodgett,* 925 F.2d at 308 (district court's findings of fact reviewed under clearly erroneous standard while legal conclusions reviewed de novo); *Martin v. Kaiser,* 907 F.2d 931, 933 (10th Cir.1990) (in reviewing district court denial of habeas corpus petition, appellate court reviews conclusions of law de novo). When the appellate court is reviewing a mixed question of law and fact, the review is de novo. *Nichols v. Sullivan,* 867 F.2d 1250, 1253 (10th Cir.), *cert. denied,* 490 U.S. 1112, 109 S.Ct. 3169, 104 L.Ed.2d 1031 (1989).

In sum, the standard of review to be applied in reviewing a grant or denial of a petition for a writ of habeas corpus varies depending on the issues raised on appeal. If the petition presents questions of law, we afford no deference to the trial court's conclusions. If there are questions of fact, we defer to the trial court's findings and will disturb those findings only if they are clearly erroneous. In the appeal before us, the State appeals only the legal standard applied by the trial court. This question is reviewed for correctness with no deference given to the trial court's conclusion.

## STANDARD TO BE APPLIED BY TRIAL COURT

■ The next issue to be resolved is what standard governs the trial court's decision to grant or deny a petition for a writ of habeas corpus. The trial court determined that there was a substantial likelihood that had the newly discovered evidence been available to Stewart, a different outcome at trial would have resulted. In reaching its conclusion, the trial court cited to *Hurst v. Cook,* 777 P.2d 1029, 1035 (Utah 1989). Relying on several early cases from the supreme court, the State argues that the standard utilized by the trial court was less stringent than what the law requires. We disagree with the State's contention that the standard applied by the trial court differs from the standard articulated in the case law.

*Ward v. Turner,* 12 Utah 2d 310, 366 P.2d 72 (1961), cited by the State, states in pertinent part: "In order to justify a release of a convicted person under a writ of habeas corpus or coram nobis, or other special writ, the evidence of his innocence must be stronger than would be necessary in the first instance in support of a motion for a new trial." *Id.* 366 P.2d at 74. The language in *Ward* is similar to the language in other cases which state that strong evidence of innocence is required before post-conviction relief is granted.

> The writ is, as our rules describe it, an extraordinary writ, to be used to protect one who is restrained of his liberty where there exists no jurisdiction or authority, or where the requirements of law have been so ignored or distorted that the party is substantially and effectively denied what is included in the term due process of law, or where some other such circumstance exists that it would be wholly unconscionable not to re-examine the conviction.

*Bryant v. Turner,* 19 Utah 2d 284, 431 P.2d 121, 122–23 (1967) (citations omitted); *see also Gallegos v. Turner,* 17 Utah 2d 273, 409 P.2d 386, 387 (Utah 1965) (judgment not subject to attack except in the most unusual circumstances such as where "it would be wholly unconscionable not to re-examine conviction"). Similar language is also found in *Hurst,* the case upon which the trial court relied: "[A] conviction may nevertheless be challenged by collateral attack in 'unusual circumstances,' that is where an obvious injustice or a substantial and prejudicial denial of a constitutional right has occurred." *Hurst,* 777 P.2d at 1035. While the supreme court may have chosen different words in discussing what constitutes an appropriate collateral attack upon a judgment, the cases articulate a common standard: the nature of the alleged circumstance must be such that it would be unconscionable not to reexamine the conviction. Such a circumstance exists when there is a substantial likelihood that had certain evidence been available at the time of trial, a different verdict would have resulted.

## CONCLUSION

■ The trial court in the present case recognized the burden upon a petitioner

seeking a writ of habeas corpus. The trial court explicitly stated in its findings that while the burden is great, it is not an impossible burden, and the newly discovered evidence must be substantial. The trial court went on to say that in this case the burden had been met. We hold that there was no error in the trial court's application of the law to the facts in the present case. The grant of Stewart's petition for a writ of habeas corpus is affirmed.

BILLINGS, Associate P.J., and RUSSON, J., concur.