**Daniel MATTHEWS, Petitioner and Appellant,**

v.

**Hank GALETKA, Respondent and Appellee.**

**No. 970179–CA.**

Court of Appeals of Utah.

May 7, 1998.

Gary W. Pendleton and Jim R. Scarth, St. George, for Petitioner and Appellant.

Jan Graham and Angela F. Micklos, Salt Lake City, for Respondent and Appellee.

Before BILLINGS, GREENWOOD and ORME, JJ.

## OPINION

BILLINGS, Judge:

Daniel Matthews appeals the dismissal of his petition for extraordinary relief following an evidentiary hearing, in which he sought a new trial for his conviction of sexual abuse of a child, a second degree felony. We affirm.

### FACTS

On May 3, 1993, a jury convicted Matthews of sexual abuse of a child, a second degree felony. At trial, the State introduced both previously conducted interview testimony with the victim, his eleven-year-old sister, as well as her live testimony accusing Matthews of sexual abuse. Following his conviction, Matthews did not seek a new trial. In 1995, Elaine Matthews, the victim's mother, prepared an affidavit that recanted the victim's previous sworn statements that petitioner had abused her. The victim signed the affidavit.

In February 1996, Matthews filed a petition for extraordinary relief pursuant to Utah Rule of Civil Procedure 65B(b), asserting, among other things, that he was entitled to a new trial because the victim had recanted her trial testimony. On February 27, 1997, the trial court conducted a post-conviction evidentiary hearing. At the evidentiary hearing, the court heard testimony from Matthews, the victim, their mother, and from Frank Joseph Smith, petitioner's brother-in-law, who was also convicted of sexually abusing the victim. The court found Smith's testimony, which corroborated the victim's trial testimony that Matthews had abused her, "very credible." Further, the court was unpersuaded by the victim's recantation, stating it "was about as weak as a recantation can be." The court therefore denied Matthews's writ. Matthews appeals.

1. As commentators have noted, the *Berry* test does not specifically deal with the situation of a recanting witness, but pertains to the broader field of all newly discovered evidence. *See, e.g.,* Sharon Cobb, *Gary Dotson as Victim: The Legal Response to Recanting Testimony,* 35 Emory L.J. 969, 974–76 (1986); Christopher J. Sinnott,

### STANDARD OF REVIEW

◼ Our standard of review for an appeal from a dismissal of a petition for post-conviction relief depends on the issue appealed. Though we review the trial court's conclusions of law for correctness, *see Miller v. State,* 932 P.2d 618, 620 (Utah Ct.App.1997), we will disturb findings of fact only if they are clearly erroneous. *See Stewart v. State,* 830 P.2d 306, 309 (Utah Ct.App.1992). Further, " 'we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted.' " *York v. Schulsen,* 875 P.2d 590, 593 (Utah Ct.App.1994) (quoting *Butterfield v. Cook,* 817 P.2d 333, 336 (Utah Ct.App. 1991)); *see also Medina v. Cook,* 779 P.2d 658, 658 (Utah 1989) (same).

### ANALYSIS

◼ Matthews argues the trial court erred when it denied his writ for extraordinary relief based on newly discovered evidence. Specifically, Matthews claims the trial court erred in not using the test originally adopted in *Berry v. Georgia,* 10 Ga. 511 (Ga.1851). In *Berry,* the defendant was convicted of larceny and moved for a new trial on the grounds of newly discovered evidence. Under *Berry,* a defendant must show the following to obtain a new trial:

(1) that the new evidence has come to the defendant's knowledge since the trial; (2) that the evidence could not have been obtained earlier with the exercise of due diligence; (3) *that the evidence is so material that it would probably produce a different result if a new trial was granted;* (4) that the evidence is not merely cumulative; and (5) that the evidence will not be used solely to impeach the credibility of a witness.

*Id.* at 527 (emphasis added).[1]

Utah courts have, as Matthews asserts, implicitly adopted a *Berry*-like analysis for

Note, *When Defendant Becomes the Victim: A Child's Recantation As Newly Discovered Evidence,* 41 Clev.St.L.Rev. 569, 571 (1993).

In comparison, the standard articulated in *Larrison v. United States,* 24 F.2d 82 (7th Cir.1928), specifically addresses the testimony of a recanting witness in a motion for new trial. A defen-

cases dealing with newly discovered evidence. *See State v. Goddard,* 871 P.2d 540, 545 (Utah 1994). The *Goddard* court discussed the standard that "newly discovered evidence" must meet to constitute grounds for a new trial: " '(1) It must be such as could not with reasonable diligence have been discovered and produced at trial; (2) it must not be merely cumulative; (3) it must be such as to render a different result probable on the retrial of the case. All three of these criteria must be met.' " *Id.* at 545 (quoting *State v. James,* 819 P.2d 781, 793 (Utah 1991)).

We directly addressed the issue of a recanting witness's testimony in *Stewart,* 830 P.2d at 309. This court granted a motion for a new trial, based in part on a witness's recanted testimony. The defendant in *Stewart* was convicted of second degree homicide and later filed a petition for a writ of habeas corpus, which the trial court granted. *See id.* at 307. In granting Stewart's petition, the trial court found that the State's witness had *truthfully* recanted his trial testimony, and thus there was newly discovered evidence. *See id.* In reviewing the trial court's decision, the *Stewart* court noted that " '[i]n order to justify a release of a convicted person under a writ of habeas corpus ... the evidence of his innocence must be stronger than would be necessary in the first instance in support of a motion for a new trial.' " *Id.* at 309 (quoting *Ward v. Turner,* 12 Utah 2d 310, 313, 366 P.2d 72, 74 (Utah 1961)). The *Stewart* court also articulated when a habeas corpus petition should be granted for a collateral attack upon a judgment: "[T]he nature of the alleged circumstance must be such that it would be unconscionable not to reexamine the conviction. Such a circumstance exists when there is a substantial

likelihood that had certain evidence been available at the time of trial, a different verdict would have resulted." *Id.* at 309.[2]

Matthews specifically finds fault with the trial court's evaluation of the recanting testimony in determining whether there was a probable likelihood of a different verdict on retrial. We conclude the trial court's approach is consistent with *Berry* and is supported by Utah precedent. In *Strong v. Turner,* 22 Utah 2d 294, 452 P.2d 323 (Utah 1969), the Utah Supreme Court rejected a claim that appellant's

> evidence presented at the habeas corpus proceeding must be taken as fact. The law does not so require. It is the prerogative of the trial court to judge the credibility of the evidence. While it is true that he should not arbitrarily reject competent, credible, uncontradicted testimony, nevertheless he is not compelled to believe evidence where there is anything about it which would reasonably justify refusal to accept it as the facts, and this includes the self-interest of the witness.

*Id.* at 324. More recently, in *Casida v. Deland,* 866 P.2d 599 (Utah Ct.App.1993), this court approved a district court's decision in a habeas corpus hearing to "assess witness credibility and make findings relative thereto." *Id.* at 602. In *Casida,* the district court heard testimony from another inmate who claimed to have committed the rape for which appellant was incarcerated. *See id.* In rejecting appellant's writ, the district court "found that there was not a substantial likelihood of a different verdict, even given [the inmate's new] testimony." *Id.* at 603.

The approach taken here by the trial court is also consistent with a majority of other state courts that have adopted a variant of the *Berry* test in evaluating recanting wit-

---

dant must show the following under the *Larrison* test to obtain a new trial:

(a) *The court is reasonably well satisfied that the testimony given by a material witness is false;* (b) *[t]hat without it the jury might have reached a different conclusion;* and (c) [t]hat the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.

*Id.* at 87–88 (second emphasis added).

**2.** Although the language we used in the *Stewart* decision, "that there is a substantial likelihood that a different verdict would have resulted," is slightly different from the supreme court's earlier language that the recanted testimony must be such to render a "different result probable," in application there seems to be little difference. In this case, the trial judge did not articulate the standard he used, but because he found the recanting testimony false, he would have been justified in denying the petition under either standard.

ness testimony. State courts adopting the *Berry* approach have given great latitude to the trial judge to determine the credibility of the recanting witnesses' testimony. In *State v. Fisher*, 141 Ariz. 227, 686 P.2d 750, 773–74 (1984), *cert. denied*, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984), the defendant sought a new trial for his conviction of first degree murder on the basis of recanting testimony. The *Fisher* court explained the *Berry* test for granting post-conviction relief on the basis of recanted testimony, and then stated:

> Further, if the motion [for new trial] relies on the existence of a witness willing to testify and present the new evidence at a new trial, such witness must appear to be credible to the trial judge hearing the motion. In assessing the credibility of a prospective witness, the trial judge does not usurp the function of the jury.

*Id.* 686 P.2d at 774 (citations omitted). Thus, the Arizona Supreme Court found no abuse of discretion and upheld the trial court's denial of a new trial when the trial judge "found the evidence was not credible and would not have affected the verdict." *Id.*

Likewise, in *State v. Norman*, 232 Kan. 102, 652 P.2d 683, 689 (1982), the Kansas Supreme Court affirmed the denial of a motion for new trial based on recanting testimony. The *Norman* court reiterated well-established Kansas jurisprudence which grants the trial court a wide range of discretion in assessing the credibility of recanting testimony. *See id.* 652 P.2d at 689.

> "When a new trial is sought on the basis of recanting testimony of a prosecution witness, the weight to be given such testimony is for the trial judge passing on the motion for new trial to determine. The trial judge is required to grant a new trial only when he is satisfied the recantation of the witness's testimony is true." "A new

trial should not be granted on the ground of newly discovered evidence unless the evidence is of such materiality that it would be likely to produce a different result upon re-trial."

*Id.* (quotations omitted). Upon reviewing the facts in *Norman*, the Kansas Supreme Court did not find an abuse of discretion when the trial court refused to grant the defendant a new trial based on an unbelievable recantation. *See id.* at 689.[3]

Similar to this case, in *Glendening v. State*, 604 So.2d 839, 840–41 (Fla.Dist.Ct.App.1992), the Florida Court of Appeals denied post-conviction relief when the defendant was convicted of sexual battery upon a child and the trial court had determined that the proffered recantation was not believable. The Florida Court of Appeals reviewed a trial court's duties upon reviewing recanting testimony:

> When considering a motion for new trial based upon newly discovered evidence, the court must first make a determination at the hearing on the motion for new trial that the witness is testifying truthfully in recanting her earlier testimony. Once a court makes [a] determination that the witness is testifying truthfully in recanting earlier testimony, the court must then determine whether this changed testimony would probably result in a different verdict at a new trial.

*Id.* at 840–41 (citations omitted).

Finally, in *State v. Mills*, 136 N.H. 46, 611 A.2d 1104, 1106 (1992), the New Hampshire Supreme Court discussed the standards for reviewing a trial court's refusal to grant a new trial based on recanting testimony. In *Mills*, the defendant was convicted of second degree assault against a four-year-old and sought to introduce the recanted testimony of the victim in his motion for a new trial. *See id.* 611 A.2d at 1104. Importantly, in reviewing the test's third prong, "that the

---

**3.** Similarly, in *Thompson v. State*, 492 N.E.2d 264 (Ind.1986), the Indiana Supreme Court discussed the trial court's role in assessing recantations:

> In deciding whether a piece of evidence would produce a different result the presiding judge may properly consider the weight which a reasonable trier of fact would give it, and while so doing, may also evaluate its probable impact

on a new trial in light of all the facts and circumstances shown at the original trial of the case.

*Id.* at 276. Thus, the *Thompson* court upheld the trial court's determination that the recantation was "not worthy of belief and had little likelihood of producing a different result upon retrial." *Id.* at 277.

evidence is of such a character that a different result will probably be reached upon another trial," the *Mills* court stated that "[w]hen the purported new evidence is a recantation by a prosecution witness, the third prong of this test will not be met if the trial judge finds as a threshold matter that the recantation is not credible." *Id.* at 1106 (citing *People v. Minnick*, 214 Cal.App.3d 1478, 263 Cal.Rptr. 316, 318 (1989)). Thus, the *Mills* court upheld the trial court's refusal to grant the new trial, holding that the trial court had not abused its broad grant of authority in weighing the recanting testimony. *See id.*

In summary, state courts like Utah that have adopted a *Berry* variant in determining whether a new trial based on recanting testimony is warranted almost unanimously permit the trial judge to make a threshold determination of the recanting testimony's truthfulness. Further, this preliminary determination of credibility will be a pivotal factor in the trial court's determination whether a different result will probably occur upon retrial.

■ Here, in denying Matthews's writ, the trial court properly relied on its assessment that the victim's recanting testimony was unbelievable. The court was further persuaded by the testimony of Frank Joseph Smith, who was also convicted of sexually abusing the victim, which corroborated the victim's original trial testimony. This approach is in harmony with our past decisions that direct a trial judge to evaluate the evidence presented to her at the habeas corpus proceeding, *see Strong*, 452 P.2d at 324, and is consistent with a great majority of the state courts that use a *Berry* analysis to evaluate whether a new trial is appropriate in a recanted testimony case. Accordingly, the denial of Matthews's writ of habeas corpus is affirmed.

## CONCLUSION

We conclude that the trial court was correct in concluding that "a different result would not be probable" upon retrial because the recanted testimony was not credible.

Thus, we affirm the trial court's denial of Matthews's writ of habeas corpus.

GREENWOOD and ORME, JJ., concur.